**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

CHRISTOPHER COUNTS,

    Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY EDWARD WILSON;
WYOMING DEPARTMENT OF
CORRECTIONS DIRECTOR ROBERT
LAMPERT; WYOMING DEPARTMENT
OF CORRECTIONS STATE
PENITENTIARY DEPUTY WARDEN
ROBERT HULTS; WYOMING
DEPARTMENT OF CORRECTIONS
STATE PENITENTIARY MAJOR
MOORE; WYOMING DEPARTMENT
OF CORRECTIONS STATE
PENITENTIARY FORMER MAJOR
LEAL; WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY CAPTAIN
VANMATRE; WYOMING
DEPARTMENT OF CORRECTIONS
STATE PENITENTIARY LT. DANIEL
RAMILLER; WYOMING
DEPARTMENT OF CORRECTIONS
STATE PENITENTIARY SGT.
HANDLEY; WYOMING DEPARTMENT
OF CORRECTIONS STATE
PENITENTIARY SGT. VALURE;
WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY SGT. GOODMAN;
WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY CLASSIFICATION

No. 20-8028
(D.C. No. 2:19-CV-00033-ABJ)
(D. Wyo.)

AND HOUSING MANAGER CARL
VOIGTSBERGER; WARDEN MICHAEL
PACHECO,

      Defendants - Appellees.

_____

**ORDER AND JUDGMENT**<sup>*</sup>
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Christopher Counts, proceeding pro se, appeals the United States District Court for the District of Wyoming's dismissal of his § 1983 civil rights claims. Specifically, Counts asserts that the district court erred in concluding that he had failed to show an "actual injury" related to his inadequate-access-to-the-courts claim. He also asserts that the district court did not rule on his Free Exercise claims, thus stripping this court of appellate jurisdiction for lack of a final, appealable decision. Neither of Counts's assertions have merit. Nor do we identify any other meritorious arguments in Counts's pro se brief. Accordingly, exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the district court's judgment; we GRANT Counts leave to proceed in forma pauperis.

---

<sup>*</sup> After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     Background

This § 1983 dispute arises from Counts's prison transfer and subsequent inability to access legal materials.  In 2011, Counts was convicted in Wyoming state court of aggravated burglary and kidnapping.  He was sentenced as a habitual offender to two concurrent life sentences.  In February 2016, Counts was transferred from the Wyoming State Penitentiary ("WSP") to a Virginia prison in Powhatan, Virginia.  After thirty days, Counts was transferred to another Virginia prison—Sussex 1 State Prison.  In 2020, Counts was transferred from Sussex 1 State Prison to Red Onion State Prison, also in Virginia.  *See Counts v. Robinson*, 2021 WL 230223 (E.D.Va. Jan. 22, 2021).

Shortly before his transfer from WSP, Counts petitioned pro se for a writ of review before the Wyoming Supreme Court.  On March 1, 2016, while Counts was incarcerated in Powhatan, the Wyoming Supreme Court denied the petition for a writ of review after finding that Counts failed to provide "cogent argument."  ROA at 222; *see also Counts v. Wyoming*, S-16-23 (Wyo. Mar. 1, 2016) (Burke, C.J.) (Order Denying Petition for Writ of Review).

On April 12, 2016, while incarcerated at Sussex 1 State Prison, Counts petitioned the United States District Court for the District of Wyoming for habeas relief pursuant to 28 U.S.C. § 2254.  ROA at 224; *see also Counts v. Wilson*, No. 16-cv-70-NDF (D. Wyo. April 12, 2016), ECF No. 1 (Petition for Writ of Habeas Corpus).  Counts also filed a motion for injunctive relief.  ROA at 224; *see also Counts v. Wilson*, No. 16-cv-70-NDF (D. Wyo. May 9, 2016), ECF No. 7 (Motion for

3

Injunctive Relief).  Counts sought an order requiring his transfer back to a Wyoming prison so that he could access Wyoming-related legal materials not available in Virginia.  The district court denied injunctive relief.  The district court subsequently granted summary judgment against Counts.  ROA at 224; *see also Counts v. Wilson*, No. 16-cv-70 (D. Wyo. Nov. 1, 2016), ECF No. 53 (Order Granting Respondents' Motion for Summary Judgment).

In 2019, Counts filed a complaint in the United States District Court for the District of Wyoming.  In the operative Amended Complaint, Counts asserted three claims pursuant to 42 U.S.C. § 1983.  In Claim I, Counts alleged that his transfer and subsequent inability to access legal materials violated his Due Process rights to adequate access to the courts.  ROA at 221.  In Claim II, Counts alleged that his inability to bring religious property with him from Wyoming to Virginia violated his Free Exercise rights.  ROA at 228.  In Claim III, Counts alleged that a disciplinary proceeding during his incarceration in Wyoming violated his Due Process rights; Counts also alleged that he was transferred in retaliation for challenging that disciplinary proceeding.  ROA at 236.

Defendants moved to dismiss the Amended Complaint for failure to state a claim.  Counts opposed Defendants' motion to dismiss.  Counts also moved to voluntarily dismiss Claim II.  The district court granted Defendants' motion to dismiss, denied Counts's motion to dismiss Claim II, and dismissed the case with prejudice.  Counts moved to alter or amend the judgment; the district court denied

4

that motion as well. Counts then timely appealed the district court's dismissal to this court.

## II. Appellate Jurisdiction

Counts asserts that the district court did not rule on his Claim II and that this court accordingly lacks appellate jurisdiction. We disagree.

This court has jurisdiction "of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. "A final decision is ordinarily one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Jackson v. Los Lunas Community Program*, 880 F.3d 1176, 1189 (10th Cir. 2018) (internal quotations omitted). "Put differently, a final decision is one by which the district court disassociates itself from a case." *Id.* (internal quotations omitted).

Here, the Defendants moved to dismiss the entire amended complaint and the district court granted that motion. In light of that ruling, the district court ordered: "The amended complaint herein is DISMISSED with prejudice." ROA at 489. The district court also entered judgment in favor of Defendants. *Id.* at 490–91. Thus, as there were no remaining issues for the district court to resolve, the district court's dismissal with prejudice was a "final decision."

Counts asserts that the district court left Claim II "open for judgment" when it denied his motion to dismiss that claim. Aplt. Br. at 13. As explained above, the district court dismissed the amended complaint in its entirety. That ruling mooted Counts's separate motion to dismiss Claim II. The district court did not err in

5

denying Counts's motion as moot. Nor did it "fail to enter judgment on all claims," as Counts asserts. *Id.* Thus, our exercise of appellate jurisdiction is proper here.

## III. Access to the Courts Claim

Counts asserts that the district court erred in dismissing Claim I for failure to allege an "actual injury." The district court held that Counts failed to demonstrate "how the unavailability of certain legal resources impaired his ability to pursue his legal actions." ROA at 486. The district court did not err in dismissing Claim I.

We review the district court's grant of a motion to dismiss de novo. *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). "We accept the well-pled factual allegations in the complaint as true, resolve all reasonable inferences in the plaintiff's favor, and ask whether it is plausible that the plaintiff is entitled to relief." *Id.* (internal quotations and citations omitted). Because Counts appears pro se, we construe his filings liberally, but we do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). A prisoner is only entitled to relief on an access claim, however, if he or she can show an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351. Rather, a

6

prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* Further, a prisoner must show that his or her legal claim was not frivolous because "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all . . . ." *Id.* at 353, n. 3.

The amended complaint did not identify any nonfrivolous claims in Counts's underlying petition for writ of review to the Wyoming Supreme Court. Because the amended complaint did not identify any nonfrivolous claims, the amended complaint also failed to explain how those claims were prejudiced by alleged inadequate access to law library materials. The amended complaint did allege that Counts's ability to petition for rehearing was prejudiced by his inability to access a copy of the Wyoming Rules of Appellate Procedure. *See* ROA at 222. Yet, the amended complaint did not identify any nonfrivolous grounds for a petition for rehearing.

The amended complaint also did not identify any nonfrivolous claims Counts sought in his § 2254 habeas petition or motion for injunctive relief. The amended complaint did allege that Counts's habeas petition raised "several issues of prosecutorial misconduct." ROA at 224. Yet, the amended complaint did not explain what those specific issues were, why they were nonfrivolous, or how they were prejudiced by Counts's inability to access caselaw.

In short, the amended complaint alleged that Counts was denied access to law library materials, such as court rules and caselaw. The amended complaint also identified Counts's petition for writ of review to the Wyoming Supreme Court and

7

his § 2254 habeas petition as the relevant legal proceedings. Yet, the amended complaint failed to identify the specific legal claims Counts raised in those proceedings, failed to explain why those claims were nonfrivolous, and failed to explain how those nonfrivolous claims were prejudiced by his inability to access law library materials. Accordingly, the amended complaint failed to allege an actual injury, and was thus properly dismissed for failure to state a claim. *Compare Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) (holding that an actual injury was sufficiently alleged where the plaintiff alleged "the defendants' actions prevented him from filing a state habeas corpus petition"), *with McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001) (holding that an actual injury was not sufficiently alleged because, among other reasons, the plaintiff "did not explain that his legal claim was nonfrivolous"), *and Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (holding that an actual injury was not sufficiently alleged because the plaintiff "failed to allege that the library restrictions . . . hindered his effort to pursue a nonfrivolous legal claim").[1]

---

[1] Counts complains that his previous filings were an improper basis for dismissal. *See* Aplt. Br. at 9–10, ¶ 16. The district court concluded that "Plaintiff's history of extensive filings in both state and federal courts, in and of itself, belies his argument that he was denied access to the courts, including after his transfer to Virginia." ROA at 487. Counts's previous litigation goes to the merits of his claim—not whether that claim was sufficiently pled. For example, Defendants might have relied on previous litigation to show that Counts was in fact provided adequate access to law library materials, or to show that his nonfrivolous claims were not prejudiced. That said, any potential error by the district court was harmless because, as explained above, the amended complaint was properly dismissed for failure to identify a nonfrivolous claim.

8

## IV. Leave to Amend

Counts asserts that, even if the amended complaint was properly dismissed, the district court abused its discretion in denying him leave to amend. The district court denied Counts leave to amend his complaint, finding that "further opportunity to amend would be futile." ROA at 489. The district court did not err in denying leave to amend.

Although we normally review the denial of leave to amend for abuse of discretion, "when a district court denies leave to amend because amendment would be futile, 'our review for abuse of discretion includes de novo review of the legal basis for the finding of futility.'" *Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020) (quoting *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1249 (10th Cir. 2009)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson ex rel. Watson v. Beckel*, 242, F.3d 1237, 1239–40 (10th Cir. 2001). Here, amendment

---

Counts also complains that the district court improperly dismissed his claims for failure to provide documentation, particularly when the pro se materials expressly instructed him to *not* attach such documentation. *See* Aplt. Br. at 10, ¶ 17. Counts's confusion is understandable, but the district court's conclusion was correct. Although Counts was not required to submit evidence with his complaint, he was still required to plead clear, factual allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("Nevertheless, conclusory allegations without supporting factual *averments* are insufficient to state a claim on which relief can be based." (emphasis added)). For example, Counts was not required to include a copy of his § 2254 habeas petition with his amended complaint; he was required, however, to identify the nonfrivolous claims raised in his § 2254 habeas petition and to explain how those nonfrivolous claims were prejudiced. Accordingly, the district court did not err.

would be futile because Counts does not identify a nonfrivolous claim to be included in a successive amended complaint.[2]

## V. Leave to Proceed In Forma Pauperis

In short, we affirm the district court's dismissal of Counts's § 1983 action. We grant Counts's motion for leave to proceed in forma pauperis on appeal. We remind Counts that this status eliminates only the need for prepayment of the filing fee; Counts remains obligated to pay the filing fee in monthly installments. *See Rachel v. Troutt*, 820 F.3d 390, 399 (10th Cir. 2016); 28 U.S.C. § 1915(b).

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] Although not identified as issues on appeal, Counts appears to allege two other errors by the district court. Even broadly construed, neither objection has merit. First, the district court properly dismissed Counts's claim related to alleged retaliation because the amended complaint included only "conclusory allegations without supporting factual averments." *Hall*, 935 F.2d at 1110. Second, the district court properly dismissed Counts's claims related to alleged violations of the Interstate Corrections Compact because "alleged violations of the [Interstate Corrections Compact] do not constitute violations of federal law and therefore are not actionable under § 1983." *Halpin v. Simmons*, 33 Fed. App'x 961, 964 (10th Cir. 2002) (unpublished).